IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

INSTITUTE FOR CREATION RESEARCH
GRADUATE SCHOOL,
*Plaintiff*,

V.

RAYMUND PAREDES, et al.,
*Defendants*.

CIVIL ACTION NO. 3:09-CV-00693-B

## JOINT STATUS REPORT

Pursuant to the Court's July 29, 2009 order, counsel for the parties to this lawsuit met and conferred face-to-face on Monday, August 10, 2009 at a mutually agreeable location in Waco. During that meeting, counsel discussed the matters set forth in the Court's order. What follows is the parties' joint status report on those matters for the Court's information and consideration:

1. A brief statement of the nature of the case, including the contentions of the parties; Plaintiff contends

    Defendants contends that the Court lacks jurisdiction over certain of Plaintiff's claims, that Defendants are not proper parties to other claims, and that, to the extent they are sued in their individual capacity, they are entitled to qualified immunity. Moreover, denies Plaintiff's contentions and asserts that its application for a Certificate of Authority was denied for legitimate, nondiscriminatory reasons. Plaintiff contends that jurisdiction is proper, that THECB's voluntary removal waives sovereign immunity for THECB, and Plaintiff (due to case law developments occurring after this case's commencement) dismisses all claims that involve "individual capacity" (as opposed to official capacity claims). Plaintiff asserts that the Certificate of Authority was denied for illegitimate, discriminatory reasons, and that Texas Education Code § 1.001(a) exempts Plaintiff from THECB's regulatory jurisdiction to the extent that THECB relies on and such jurisdiction delegated via the Texas Education Code. Plaintiff does not seek any damages for past injuries; Plaintiff does seek injunctive and declaratory relief.

2. Any challenge to jurisdiction or venue, including any procedural defects in the removal,

if this case was removed;

Defendants contend that they are entitled to sovereign immunity to Plaintiff's Texas state-law claims. Moreover, as urged in Defendants' motion to dismiss filed pursuant to FED. R. CIV. P. 12(b)(3), Defendants contend that this case should be dismissed for improper venue, or in the alternative, transferred to the United States District Court for the Western District, Austin Division, where all of the acts serving as the basis of Plaintiff's claims took place and where a legal action involving the very same parties (except the Higher Education Coordinating Board, who is a defendant in the Austin action) facts and issues is pending before the Honorable Sam Sparks, United States District Court Judge in Cause Number A:09-CA-382SS. That case is set for trial in July, 2010. Plaintiff no longer urges its venue argument based on an individual-capacity defendant's Dallas residence because the case law Plaintiff previously relied on has since been reversed. However, Plaintiff still urges the venue argument in its original complaint (which does not rely on the residence of any defendant).

3. Any pending motions;

Plaintiff's Motion for Judgment

Defendants' Motion to Dismiss

4. Any matters which require a conference with the court;

Defendants respectfully request a conference with the Court regarding their pending venue challenge. Also, Plaintiff respectfully requests a conference with the Court regarding its pending motion for judgment.

5. Likelihood that other parties will be joined or the pleadings amended;

Plaintiff intends to seek leave from the Court to amend its complaint, especially to make clear that Plaintiff has dropped all individual-capacity claims. Also, Plaintiff hopes to use that amendment to condense its complaint to substantially less pages. Although it is likely that an amicus curiae may file a brief at some point, no intervenors presently appear likely.

6. (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be

conducted in phases or be limited to or focus upon particular issues;

The parties believe that discovery will be concluded by March 8, 2010, which is the date upon which discovery is ordered to be concluded in Cause No. A:09-CA-382SS. The parties have agreed to allow the discovery from A:09-CA-3822SS to be used in this litigation (and vice versa). The parties agree, preliminarily, that discovery would likely not extend beyond the record that was before the Texas Higher Education Coordinating Board in reviewing the Institute for Creation Research Graduate School's application for a Certificate of Authority to offer a Master of Science degree in science education in Texas. The parties recognized however, that discovery could potentially extend beyond the scope of their initial agreement.

7. Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

The parties discussed the need for disclosure of any electronically stored information, and agreed that it is unlikely that discovery will include any electronically stored information. The parties however acknowledged the possibility that such documents might be sought and thus, agreed to provide those documents in paper format to the requesting party.

8. Any issues relating to claims of privilege or of protection as trial-preparation material, including-if the parties agree on a procedure to assert such claims after production-whether they will be asking the Court to include their agreement in an order;

None. See response to 7 above, regarding the parties' expectations about the relevant scope of discovery. Obviously, attorney-client emails and the like are claimed as privileged by the respective parties.

9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitation should be imposed;

None.

10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).

The parties agree that there could be confidential information exchanged during

discovery. Should that be the case, the parties will submit to the Court an agreed protective order pursuant to FED. R. CIV. P. 26(c) for the Court's consideration.

11. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);

Join Parties or Amend Pleadings: August 31, 2009
Motions: August 16, 2010
Discovery Completion: March 10, 2010
Expert Designation: Plaintiffs experts must be designated by December 8, 2009; Defendants' experts must be designated by January 8, 2010.

12. Requested trial date, estimated length of trial, and whether jury has been demanded;

The parties request the trial in this matter be set during the first two weeks of November, 2010. The parties expect that trial to last no longer than four (4) days. There is no jury demand.

13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636 (c);

No.

14. Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful;

Because the Plaintiff does not seek money damages in this case and because the questions before the Court will likely be purely legal, the parties were not able to reach a settlement agreement. The parties however have participated in mediation ordered and conducted by a State Office of Administrative Hearing Administrative Law Judge.

15. What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most

appropriate for resolving this case and *when* it would be most effective; and

Mediation

16. Any other matters relevant to the status and disposition of this case.

There are two proceedings pending that are related to the one before the Court. The first is an administrative appeal of the Higher Education Coordinating Board's decision to deny the Institute for Creation Research Graduate School's application for a Certificate of Authority, currently pending before the Texas State Office of Administrative Hearings. The other is cause number A:09-CA-382SS, pending in the United States District Court for the Western District of Texas, Austin Division, before the Honorable Sam Sparks.

Respectfully Submitted

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

__/s/ Shelley Dahlberg__
SHELLEY DAHLBERG
Texas State Bar No. 24012491
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

**ATTORNEYS FOR TEXAS HIGHER EDUCATION COORDINATING BOARD**

and by:

**/s/ James J. S. Johnson**
JAMES J. S. JOHNSON
Texas Bar # 10751520
Special counsel for ICR Graduate School,
**INSTITUTE FOR CREATION RESEARCH**
1806 Royal Lane, Dallas, TX 75229
214-615-8314 telephone; 214-615-8299 FAX