UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INSTITUTE FOR CREATION RESEARCH GRADUATE SCHOOL, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 3:09-CV-0693-B |
| § | |
| RAYMUND A. PAREDES, et al, § § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Rule 12(b)(3) Motion to Dismiss (doc. 4). Having considered the Motion, the Court finds it should be and hereby is **GRANTED**[1] (doc. 4).

### I.

### BACKGROUND

This matter involves alleged violations of Plaintiff's rights under the United States Constitution's 1st and 14th Amendments, Texas Constitution Article 1, and Texas Civil Practice and Remedies Code § 106 prohibiting religious discrimination. (*See generally* Pl.'s First Am. Compl.) Plaintiff, the Institute for Creation Research Graduate School ("ICRGS"), offers Master of Science degrees from a biblical creationist viewpoint. (*Id.* at ¶ 4.) ICRGS requested the Texas Higher Education Coordinating Board ("THECB") issue it a government license authorizing it to

---

[1] The Court notes Defendants' Motion to Dismiss was filed in response to Plaintiff's Original Complaint for Injunctive Relief, Declaratory Relief, and Other Forms of Relief (doc. 1). Plaintiff has since filed its 1st Amended Complaint (doc. 16). The Court finds the arguments in Defendants' Motion to Dismiss are still applicable to Plaintiff's 1st Amended Complaint. However, to the extent the Motion to Dismiss is seen as inapplicable to the 1st Amended Complaint, this Order is entered sua sponte.

offer its Master of Science degree program in Texas. (*Id.* at ¶ 9.) The Defendants[2], acting in their official capacities with THECB, denied ICRGS's request through a formal vote and public announcement occurring on April 24, 2008. (*Id.* at ¶¶ 9-10.) Such vote and announcement occurred at the THECB building located in Austin, Texas. (*Id.*) Defendants' decision to deny the license request was seemingly made based on their disapproval of ICRGS's viewpoint on a number of interrelated religious and scientific topics. (*Id.* at ¶ 9.) As a result, ICRGS can no longer admit Texas residents to its program and/or freely advertise its program in Texas as doing so would contravene the THECB decision.[3] (*Id.* at ¶¶ 16, 19.)

ICRGS filed this action[4] on April 16, 2009 alleging violations of its rights under the United States Constitution's 1st and 14th Amendments, Texas Constitution Article 1, and Texas Civil Practice and Remedies Code § 106. (*Id.* at ¶¶ 50-55.) In its Complaint, ICRGS seeks declaratory relief including a declaration that Subchapter G of Chapter 61 of the Texas Education Code is unconstitutional, or, alternatively, that Subchapter G of Chapter 61 has been unconstitutionally applied to ICRGS. (*Id.* at 46-49.) Further, ICRGS seeks remedies under Texas law including an injunction ordering the Defendants to issue ICRGS appropriate approval

---

[2] The following Defendants are sued in their official capacities at the Texas Higher Education Coordinating Board: Raymund Paredes, Lyn Bracewell Phillips, Joe B. Hinton, Elaine Mendoza, Laurie Bricker, A.W. Riter, III, Brenda Pejovich, and Robert Shepard. (Pl.'s First Am. Compl. ¶ 6.) All of the Defendants are Texas-resident officials. (*Id.* at ¶ 7.)

[3] Plaintiff alleges some of the ongoing censorship and forms of viewpoint discrimination involved in this action occurred in Dallas, Texas. (*Id.* at ¶ 7.)

[4] Notably, this action is related to another suit originally filed in Travis County's 126th District Court as Cause # D-1-GN-09-001239. (Pl.'s First Am. Compl. ¶ 1.) Such action was removed by Defendants to the Western District of Texas on May 13, 2009. (*Id.*) It is currently pending as Civil Action #1:09-CV-382-SS. (*Id.*)

and licensing and/or a letter ruling from THECB indicating that THECB has no jurisdictional oversight over ICRGS's degree programs. (*Id*. at 49.) Finally, ICRGS seeks costs of court and reasonable attorneys' fees. (*Id*. at 49-50.)

Defendants filed the instant Rule 12(B)(3) Motion to Dismiss on May 13, 2009. Having considered the parties briefing on the matter and the relevant law, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of a case brought in an improper venue. A federal civil action not solely based on diversity of citizenship may properly be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

There is divided authority in this circuit regarding which party bears the burden of proof with regard to venue after a Rule 12(b)(3) motion has been made. *See Lamex Foods, Inc. v. Blakeman Transp., Inc.*, No. H-06-3733, 2007 WL 1456010, at *1 (S.D. Tex. May 15, 2007). However, the overwhelming weight of authority provides that once a defendant has objected to a plaintiff's chosen venue, the burden shifts to the plaintiff to establish that venue is proper. *Your Town Yellow Pages v. Liberty Press*, No. 3:09-CV-0605-D, 2009 WL 3645094, at *10 (N.D. Tex. Nov. 2, 2009); *BP Am. Prod. Co. v. R.D. Briscoe, Inc.*, No. 08-1895, 2009 WL 2849528, at *1

(W.D. La. Sept. 2, 2009); *Knapper v. Safety Kleen Sys., Inc.*, No. 9:08-CV-84-TH, 2009 WL 909479, at *2 (E.D. Tex. April 3, 2009); *MaxEN Capital v. Sutherland*, No. H-08-3590, 2009 WL 936895, at *3 (S.D. Tex. April 3, 2009); *Tracfone Wireless, Inc., v. Carson*, No. 3:07-CV-1761-G, 2008 WL 4107584, at *7 (N.D. Tex. Aug. 28, 2008); *L&H Concepts v. Schmidt*, No. 6:07 CV 65, 2007 WL 4165259, at *1 (E.D. Tex. Nov. 20, 2007).

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007)(citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). However, in its analysis, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

If a district court finds a case to have been improperly filed in an incorrect venue, the court may either dismiss the case, or if the interest of justice requires, transfer the case to the appropriate venue. 28 U.S.C. § 1406(a). A district court has broad discretion in its determination of whether to transfer or dismiss in such situations. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

### III.

### ANALYSIS

The Court's analysis of Defendants' Motion to Dismiss requires consideration first of whether venue is properly laid in the Northern District and, if not, whether transfer or dismissal is appropriate. Accordingly, the Court will consider each issue in turn.

**A. Proper Venue**

Defendants argue the Northern District of Texas is an improper venue for this action and that venue is properly laid in the Western District of Texas. (Defs. Rule 12(B)(3) Mot. To Dismiss 3.) Defendants note Plaintiff's claims regarding an inability to advertise its education program are merely an effect of Defendants' decision. (*Id.* at 4.) Defendants contend Plaintiff cannot rely only on the *effects* of the denial of its application to establish venue in the Northern District of Texas. (*Id.* at 3.) Rather, the conduct giving rise to the Plaintiff's claim - the Defendants' decision itself - was made and announced at a Board meeting in Austin, Texas. (*Id.*)

Plaintiff contends some of its claims of ongoing censorship and viewpoint discrimination have occurred in Dallas, Texas.[5] (Pl.'s First Am. Compl. ¶ 7.) Therefore, venue is appropriate in the Northern District of Texas. (*Id.*)

Notably, in determining where a substantial part of the events or omissions giving rise to a claim occurred, "the Court looks to the defendant's conduct and where that conduct took place." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). Therefore, the fact a plaintiff feels the effects of defendant's conduct in a certain district does not mean that the events or omissions necessarily occurred in that district. *Premiere Network Servs., Inc. v. Pub. Util. Comm'n of Tex.*, No. 3:04-CV-1555-M, 2005 WL 1421404, at *5 (N.D. Tex.

---

[5]The Court notes, in Plaintiff's Response and Objection in Opposition to Defendants' 12(b)(3) Motion, Plaintiff argues venue is proper in the Northern District because defendant Brenda Pejovich is a Dallas resident. Plaintiff later makes the following statement in the parties' Joint Status Report (doc. 11): "Plaintiff no longer urges its venue argument based on an individual-capacity defendant's Dallas residence because the case law Plaintiff previously relied on has since been reversed. However, Plaintiff still urges the venue argument in its original complaint (which does not rely on the residence of any defendant)." (Joint Status Report ¶ 2.) Accordingly, the Court will only consider the venue argument provided in Plaintiff's First Amended Complaint.

June 16, 2005)(holding that although the effects of the Texas Public Utility Commission's decision were felt in a different district, venue was properly held in the Western District because the Texas Public Utility Commission handed down the decision at issue in an open meeting in Austin, Texas). Accordingly, the Court finds the conduct giving rise to the claims in this action occurred in the Western District of Texas. Plaintiff's claims, in their entirety, stem from THECB's decision and announcement made in Austin, Texas. Any subsequent actions cited by Plaintiff as occurring in Dallas, Texas are merely the effects of such decision and announcement. As such, the Court finds venue is proper in the Western District of Texas, and this case has improperly been filed in the Northern District. The Court thus turns to whether transfer or dismissal of this case is warranted.

**B. Transfer or Dismissal of the Case**

Defendants argue this case should be dismissed rather than transferred to the Western District of Texas. (Defs.' Rule 12(B)(3) Mot. To Dismiss 5.) Defendants contend Plaintiff has filed an identical lawsuit now pending in the Western District of Texas. (*Id.*) Should Plaintiff prevail on this identical action, it would be entitled to the very same relief it seeks from this Court. (*Id.*) Accordingly, Plaintiff will suffer no prejudice by the dismissal of this action, and the interest of justice does not require transfer. (*Id.*)

Plaintiff contends the action pending in Austin is not identical to the instant action because it includes THECB as an additional defendant. (Pl.'s Resp. and Objection in Opp'n to Def.'s 12(b)(3) Mot. ¶ 11.) Plaintiff additionally contends the Western District Court may remand the litigation to state court thus differentiating the action from the action at hand. (*Id.* at ¶ 14.)

The Court finds dismissal is warranted in this situation. Plaintiff has filed a strikingly similar action in Travis County which has subsequently been removed to the Western District.[6] (*See* Defs. Rule 12(B)(3) Mot. To Dismiss Ex. 1.) While Plaintiff argues the Western District action is distinguishable because the THECB is included as a party, the Court notes the action seeks the same relief sought in the instant action. Accordingly, the interest of justice does not weigh in favor of transfer. Rather, this matter may be dismissed without denying Plaintiff access to the relief it seeks.

IV.

**CONCLUSION**

The Court finds venue for the instant case is improper in the Northern District. The Court further finds this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). As such, the Court finds Defendant's Rule 12(b)(3) Motion to Dismiss should be and hereby is **GRANTED** (doc. 4) Accordingly, the court **ORDERS** that this action be **DISMISSED**.

SO ORDERED.

DATED December 1, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[6] While the parties have provided no evidence of the case's actual removal to the Western District, the parties appear to agree on this point and Plaintiff has adequately pleaded this point in its First Amended Complaint. (*See* Pl.'s First Am. Compl. ¶ 1.) As such, the Court will accept this fact as true.